UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ABDEL DESVARIEUX, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>) | Criminal No. 04-80-P-H<br><br>Civil No.  05-221-P-H |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Abdel Desvarieux, represented by counsel, filed a 28 U.S.C. § 2255 motion on November 23, 2005, challenging the 204-month sentence he received for a federal narcotics violation on the grounds that three state court convictions used to enhance his federal sentence are invalid because his guilty pleas were not voluntary and he did not understand the consequences of his pleas.  In an earlier decision I recommended that the Court grant the United States' motion to dismiss and deny Desvarieux 28 U.S.C. § 2255 relief.   Desvarieux has filed a motion seeking an extension of time in which to respond to that recommendation and I have entered an order granting him an extension until ten days following a ruling on Desvarieux's motion to withdraw his 28 U.S.C. § 2255 motion (Docket No. 19) which I now address.

In his motion Desvarieux's local counsel points out that Desvarieux's prior counsel from Massachusetts, Attorney Lawrence Novak, had indicated in the 28 U.S.C. § 2255 pleading that he had filed motions to vacate and withdraw guilty pleas in Massachusetts courts apropos convictions that were predicate offenses in his federal sentencing as a career offender.  (Mot. Withdraw at 2.)  Desvarieux's local counsel notes

that the record supplementation filed by the United States reveals that Attorney Novak's motions to vacate in the state court had been denied in two cases and that there had been no motion filed in the third case. One of the denials was entered seven days prior to the filing of this 28 U.S.C. § 2255 motion which represented that the motion was still pending. (Id.) The United States also supplemented the record with a copy of an indictment charging Attorney Novak with obstruction of justice in an attempt to obtain a lower federal sentence for another client. (Id.) Local counsel opines that Attorney Novak "appears to have perpetrated a fraud on this Court" in that he knew that he would not be successful in the state courts. (Id.) "Under theses circumstances," the motion to withdraw protests, "Petitioner could not have made a knowing and intelligent decision to file what effectively is his only opportunity for relief under 28 U.S.C. § 2255." (Id.) Desvarieux asks that the dismissal be without prejudice. (Id. at 3.)

The United States has filed a response to the motion to withdraw indicating that it does not object to the withdrawal of the motion but it does object to the dismissal of the motion without prejudice. It points out that a recommended decision has already issued on the merits of Desvarieux's claims and that he has had his opportunity to receive a decision. (Gov't Response at 4.) In the United States' view the motion to withdraw is tantamount to flinching in response to the unfavorable recommended disposition in recognition that his § 2255 motion is meritless. (Id. at 4-5.)

I recommend that the Court grant Desvarieux's motion to withdraw his 28 U.S.C. § 2255 motion without making a determination at this juncture as to whether or not this disposition will prejudice Desvarieux vis-à-vis future efforts to bring a 28 U.S.C. § 2255 motion. That determination is better made if and when Desvarieux brings another § 2255

motion and could depend on a host of considerations, including what grounds Desvarieux might raise and what are the legal principles or factual predicates on which he relies.[1] Simply granting Desvarieux's motion to withdraw will in no way prevent the United States from arguing that any future 28 U.S.C. § 2255 motion filed by Desvarieux is a second and successive motion and subject to the attendant restrictions.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 21, 2006.

                                                      /s/Margaret J. Kravchuk
                                                      U.S. Magistrate Judge

---

[1] Given the complexity that can accompany that determination the request for a dismissal with prejudice in the context of a 28 U.S.C. § 2255 motion is different in kind from a dismissal with prejudice in main-stream civil litigation.